THE KNICKERBOCKER LIFE INSURANCE COMPANY, RESPONDENT, *v.* GEORGE W. NELSON AND RUEA NELSON, IMPLEADED WITH OTHERS, APPELLANTS.

*Mortgage foreclosure — Usury — Guaranty — Fraud — trial of issues of, by the court, discretionary.*

In an action for the foreclosure of four bonds and mortgages executed by the defendant George W. Nelson; for a sale of the mortgaged premises and judgment for deficiency against him, and for a judgment against the defendant Ruea Nelson for any deficiency up to $20,000, on the ground of the execution by him of an instrument, by which he covenanted that on a sale under foreclosure of said mortgages, the mortgaged premises should yield a sum sufficient to pay the amount decreed, with the costs and expenses of sale, or in default thereof he would, on demand, pay any deficiency up to $20,000 which might result on such sale or sales, the defendant George W. Nelson set up usury as a defense, and the defendant Ruea Nelson also plead usury, and that the aforesaid instrument executed by him was procured to be so executed by fraud.

*Held,* that it was an equitable action purely, and it rested in the discretion of the court either to ask the aid of a jury to inform the conscience of the court, or to decide the case without such aid; that the defendant could not claim, as matter of right, to have the issues framed and tried at law.

APPEAL from an order made at a Special Term denying a motion by the defendants Nelson to settle the issues to be tried by a jury. The action was brought for the foreclosure of four bonds and mortgages, amounting to $70,000, executed by George W. Nelson and wife to the plaintiff. The defendant George W. Nelson plead usury, and the defendant Ruea Nelson also plead usury, and that a certain

instrument executed by him, under seal, wherein he covenanted to pay any deficiency up to $20,000 that might arise on the sale or sales under foreclosure of said mortgages, would be paid by him on demand, was obtained by fraud, setting forth in his answer, at length, the facts in relation thereto. A motion was made by the defendants Nelson on the pleadings, and questions of fact proposed to be submitted by them to a jury for trial, for an order settling the issues between them and the plaintiff for trial by jury, which motion was denied, and the defendants Nelson appeal from the order of denial to this court.

*Morris & Pearsall*, for the appellants Nelson.

I. The complaint asks a judgment for money only against the defendant Ruea Nelson; there is no claim against him for equitable relief; it is purely a legal demand, and as to the issues between him and the plaintiff, he is entitled to a trial by jury as a matter of strict right. (Code of Pro., § 253; 2 R. S., 409, § 4; Const. of N. Y., art. 1, § 2; *Davis* v. *Morns*, 36 N. Y., 569; *Wynehamer* v. *People*, 13 id., 426; *Greason* v. *Keteltas*, 17 id., 498; *Bradley* v. *Aldrich*, 40 id., 510; *Lattin* v. *McCarty*, 41 id., 110, 112, and note; *Hudson* v. *Caryl*, 44 N. Y., 555; *Penn. Coal Co.* v. *Del. Hud. Co.*, 1 Keyes, 72, 76.)

II. The plaintiff cannot, by stating in its complaint facts entitling it to equitable relief as to some defendants, and purely legal relief as to this defendant, deprive him of his constitutional right of a trial by jury. (*Davis* v. *Morris*, 36 N. Y., 569; Code of Pro., § 253; *Lattin* v. *McCarty*, 41 id., 112 and note; *Bradley* v. *Aldrich*, 40 N. Y., 510; *Hudson* v. *Caryl*, 44 id., 555; *Penn. Coal Co.* v. *Del. and Hud. Canal Co.*, 1 Keyes, 72, 76.)

III. The court may, in its discretion, in equity actions, order the whole issue, or any specific questions of fact, to be tried by a jury. (Code of Procedure, § 254; *Farmers and Mechanics' Bank* v. *Joslin*, 37 N. Y., 353; Supreme Court Rule, 40.)

IV. An issue of fraud ought to be tried by a jury. (*Freeman* v. *Atlantic Insurance Co.*, 13 Abb., 124; *Levy* v. *Brooklyn Fire Insurance Co.*, 25 Wend., 687.)

*Henry W. Johnson*, for the respondents.

BARNARD, P. J.:

This is purely an equitable action. The complaint is for the foreclosure of certain mortgages accompanied by a demand for judgment for deficiency, if any should result, against the person who executed the bonds.

The answer sets up as a defense usury, and that the bonds and mortgages were procured by fraud. It was never a matter of right that issues should be framed and sent to a jury in equitable actions. It always rested in the discretion of the court either to ask the aid of a jury to inform the conscience of the court, or to decide the case without such aid.

There is nothing in the present case calling for a reversal of the order at Special Term refusing to frame issues to be tried at law. Whether or not usury is proven to have entered into the contract, or whether or not the mortgages were procured by false and fraudulent representations, are questions which equity judges are peculiarly fitted to determine by reason of the large experience which they have derived from trials in which such defenses are set up. I consider the finding of an intelligent and impartial court upon questions like these more to be relied on than the verdict of a jury thereon.

Order affirmed, with ten dollars costs and disbursements.

GILBERT, J., concurred. DYKMAN, J., not sitting.

Order affirmed with costs and disbursements.